FRANK W. ATKINS *vs.* FREDD O. THOMPSON.

Essex.   November 4, 1891. — January 7, 1892.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Written Agreement — Extrinsic Evidence.*

The owner of land upon a brook entered into a written agreement with the owner of a lot fifty feet wide lower down the brook, by which the upper owner was given the right to enter such lot " for the purpose of digging out a brook and laying sewer or drain pipes through his said land for the benefit " of his own land, agreeing to hold the lower owner harmless " against any damage on account of said digging." *Held*, on a bill in equity, brought by the lower owner

to prevent the other from laying and maintaining drain pipes in a trench dug outside of the brook, that the agreement did not authorize the defendant to lay drain pipes through the plaintiff's land in any other place than the brook.

BILL IN EQUITY, filed in the Superior Court on September 10, 1891, to prevent the defendant from laying and maintaining drain pipes across the plaintiff's land in Swampscott. Hearing before *Braley*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff was the owner of a lot of land in Swampscott, bounding fifty feet on Harrison Avenue and running back therefrom at about that width for a distance of one hundred feet, and flowing through the plaintiff's lot across Harrison Avenue was a brook which came from a parcel of land belonging to the defendant, and known as the " Stone Field." In September, 1890, an agreement in writing was entered into between the plaintiff and the defendant, by which the plaintiff agreed in writing to allow the defendant to enter upon the plaintiff's land " for the purpose of digging out a brook and laying sewer or drain pipes through his said land for the benefit of the ' Stone Field,' " the defendant agreeing to " hold harmless the said Atkins against any damage on account of said digging," and to put the premises in as good condition as when he first entered upon them. The defendant thereupon proceeded to dig a trench across the plaintiff's lot, parallel with and at a distance of several feet from the brook, and to lay pipes in the trench, as he contended he had a right to do under the agreement.

The plaintiff contended that the agreement only gave the defendant a right to lay drain pipes below the bed of the brook, and was permitted, against the defendant's objection, to introduce evidence of a conversation between the plaintiff and the defendant the day before the agreement was signed, in which the plaintiff understood the defendant to ask the plaintiff if he would give the defendant the right to dig out the brook and lay drain pipes along the bed of the same for the purpose of draining the defendant's land.

The defendant asked the judge to rule that " under the terms of the instrument set forth in his answer, he had the right to go across the plaintiff's land wherever he pleased for the purpose of laying the pipe, using reasonable care so as not to injure

plaintiff's land more than was necessary, and that parol evidence was not admissible for any purpose under the terms of the instrument." The judge refused ·so to rule, and ruled that the terms of " the written contract or agreement were not clear, and that the circumstances attending the transaction, and the situation and admissions of the parties, were admissible for the purpose of ascertaining the sense in which they intended the language used, and found and ruled that the defendant would have no right to depart from the bed of the brook in laying his sewer pipe through the plaintiff's land, and ordered a decree for the plaintiff." The defendant alleged exceptions.

*H. F. Hurlburt,* for the plaintiff.

*W. H. Niles & G. J. Carr,* for the defendant.

MORTON, J. We think the agreement between the plaintiff and the defendant gave to the latter the right to enter upon the land of the plaintiff and dig out the brook and lay sewer or drain pipes in it to drain the " Stone Field " belonging to the defendant, and did not give to the defendant the right to lay sewer or drain pipes anywhere else in the plaintiff's land. Sewer or drain pipes laid in the brook would be laid through the land of the plaintiff. The damage which the defendant agrees to hold the plaintiff harmless from is that caused " on account of said digging," which is the digging out of the brook, not the digging of a trench anywhere through the plaintiff's land. Moreover, the plaintiff's lot being only fifty feet wide, it would seem hardly reasonable that the parties should have contemplated that the defendant should have the right to deepen the brook, and also to lay drain pipes through the lot. If such had been their intention, it would have been more plainly expressed. If, on the contrary, as we think was the fact, they intended that the defendant should have the right to dig out the brook that ran through the plaintiff's land for the purpose of laying sewer or drain pipes in it to drain the " Stone Field," then the language chosen expresses that purpose with sufficient aptness. In the view which we take of the construction to be given to the agreement, even if the testimony of the conversation between the plaintiff and the defendant prior to the execution of the agreement was erroneously admitted, it could have done the defendant no harm.

*Decree affirmed.*